# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Patrick Jermaine Roberts, ) | |
| ) | Case No.: 2:04-cr-295-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Federal prisoner Patrick Jermaine Roberts moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF Nos. 104 & 111). The United States ("Government") has filed a motion to dismiss (ECF No. 109). For the reasons stated herein, the Court denies the Government's motion and grants Roberts' § 2255 motion.

## BACKGROUND

In 2004, Roberts pled guilty to possessing marijuana with intent to distribute and for possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841. Roberts' criminal history included convictions in South Carolina state court for distribution of crack cocaine, possession with intent to distribute marijuana, discharging a firearm into a dwelling, and robbery.[1] That criminal history triggered the Armed Career Criminal Act ("ACCA"), which raises the prison sentence for certain felon-in-possession defendants from a maximum of ten years to a minimum of fifteen. *See* 18 U.S.C. § 924(a)(2), (e)(1). The Court therefore sentenced Roberts to 212 months in prison for felon in possession and 60 concurrent months on the drug charge. Roberts appealed his conviction and the ACCA enhancement in his sentence. The Fourth Circuit affirmed. *United States v. Roberts*, 166 F. App'x 80 (4th Cir. 2006) (per curiam).

_____
1. The Government states Roberts was convicted of armed robbery, but Roberts insists he was convicted of strong-arm robbery. As explained below, it is unnecessary to resolve that dispute.

Roberts filed his § 2255 motion[2] in June 2016, contending that after *Johnson v. United States*, 135 S. Ct. 2551 (2015), his ACCA-enhanced sentence is unconstitutional and therefore he must be resentenced. The Government responded in August by filing a motion to dismiss in which it argued that *Johnson* did not affect Roberts' sentence.

In its initial review of the parties' submissions, the Court determined that the result of *United States v. Doctor*, a then-pending appeal in the Fourth Circuit, had the potential to affect the outcome in Roberts' § 2255 motion. Accordingly, the Court stayed proceedings until the Fourth Circuit issued a decision in *Doctor*. As the Fourth Circuit has since issued that decision, *see* 842 F.3d 306 (4th Cir. 2016), this matter is ripe for consideration.

## LEGAL STANDARD

Roberts proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum allowed by law, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence under § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## DISCUSSION

Under the ACCA, a defendant convicted of felon in possession must be sentenced to at least fifteen years in prison if he has at least "three previous convictions . . . for a violent felony

---

2.   This is Roberts' second § 2255 motion. In 2007, he filed his first § 2255 motion, asserting actual innocence, several claims of ineffective assistance of counsel, and violation of his Fifth and Sixth Amendment rights during sentencing. The Court denied that motion. The Fourth Circuit dismissed Roberts' appeal of that decision. *United States v. Roberts*, 299 F. App'x 233 (4th Cir. 2008) (per curiam).

   Consequently, Roberts' current § 2255 motion is a "second or successive" one. *See* 28 U.S.C. § 2255(h). The Fourth Circuit has given Roberts permission to file his current § 2255 motion. *In re Roberts*, No. 16-808 (4th Cir. Order June 2, 2016).

2

or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).  Roberts argues that under *Johnson*, he no longer has three previous convictions that can count as either violent felonies or serious drug offenses.

The ACCA's definition of "violent felony" includes any crime, punishable by more than a year in prison, that—

   i.   has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   ii.  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The language that begins with "or otherwise involves" is commonly called the "residual clause."  *See, e.g.*, *Doctor*, 842 F.3d at 308.  In *Johnson*, the Supreme Court declared the ACCA's residual clause unconstitutionally vague, 135 S. Ct. at 2563, and last year, it held *Johnson* applies retroactively to sentences enhanced using that clause, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Roberts does not dispute that his crack distribution conviction constitutes a serious drug offense.  He argues that his convictions for robbery and for unlawful firearm discharge do not constitute violent felonies under the remaining portions of § 924(e)(2)(B) and that his marijuana conviction does not constitute a serious drug offense.  *See* 18 U.S.C. § 924(e)(2)(A).  The Government, in its motion to dismiss, responds that Roberts' marijuana and robbery convictions are both still ACCA predicate offenses and thus Roberts' enhanced sentence is still legal.  It has not argued that Roberts' unlawful firearm discharge conviction is still an ACCA predicate violent felony after *Johnson*.  The Court addresses each prior conviction *seriatim*.

3

### A.     Robbery

In *Doctor*, the Fourth Circuit held that, even after *Johnson*, South Carolina strong-arm robbery is categorically an ACCA violent felony because it fits within § 924(e)(2)(B)(i), which is known as the "force clause." 842 F.3d at 308, 312. As noted, the Government contends Roberts was convicted of armed robbery, while Roberts maintains he was convicted only of the lesser crime of strong-armed robbery. The Court need not resolve that dispute. Even under Roberts' position, *Doctor* undercuts his position. Thus, his robbery conviction is a second ACCA predicate offense.

### B.     Discharging a Firearm into a Dwelling

Roberts next challenges his conviction for unlawfully discharging a firearm into a dwelling. The South Carolina law that Roberts violated provided as follows:

> Any person who unlawfully discharges or causes to be discharged firearms at or into a dwelling house or other building or structure regularly occupied by persons is guilty of a misdemeanor and, upon conviction, must be fined not more than one thousand dollars or imprisoned for not more than ten years, or both.

S.C. Code Ann. § 16-23-440 (Supp. 1993).[3] Roberts argues this offense cannot fall under the force clause because it does not have, as an element, the use, attempted use, or threatened use of physical force against the person of another. He also argues it cannot fit within the remaining portion of § 924(e)(2)(B)(ii). In his view, the crime could fit within only the now-void residual clause. Thus, he contends, his conviction no longer counts as an ACCA predicate violent felony.

As mentioned above, the Government has not expressed a view on Roberts' argument. By addressing Roberts' other convictions, but not this one, the Government appears to implicitly concede that this version of section 16-23-440 is no longer a violent felony after *Johnson*.

---

3.     Since Roberts' conviction of that crime in 1993, South Carolina's General Assembly has amended section 16-23-440 twice. Roberts' § 2255 motion does not raise the question of whether those later versions of the statute constitute ACCA violent felonies.

4

However, even if the Government is not making such a concession, the Court agrees with Roberts.

In *United States v. Parral-Dominguez*, the Fourth Circuit examined the elements of a similarly-worded North Carolina statute that criminalizes the discharge of a weapon into an occupied building. *See generally* 794 F.3d 440 (4th Cir. 2015). The question before the court was whether the North Carolina offense was a "crime of violence" under U.S.S.G. § 2L1.2, a term defined by language identical to that in § 924(e)(2)(B)(i). *Id.* at 444; *see also Casper v. United States*, No. 1:08-CR-00127-MR-1, 2016 WL 3583814, at *6 (W.D.N.C. July 1, 2016) (pointing out the definitions of "crime of violence" in § 2L1.2 and "violent felony" in § 924(e)(2)(B)(i) are identical). The court answered that question in the negative because the North Carolina offense "does not require that an offender use, attempt to use, or threaten to use force *against another person*." *Parral-Dominguez*, 794 F.3d at 445.

So too here. Nothing in section 16-23-440 requires that the firearm discharge—the presumptive use of force—be directed against another person. Indeed, the statute does not even require that the building be occupied when the defendant shoots at or into it. Because this offense can be committed without the defendant exhibiting actual, attempted, or threatened force against a person, it categorically cannot fit within § 924(e)(2)(B)(i). *Cf. Parral-Dominguez*, 794 F.3d at 444 (stating a crime is not a crime of violence under § 2L1.2 if it "sweeps more broadly" than § 2L1.2's definition of crime of violence (citation and internal quotation marks omitted)).

To be sure, the Fourth Circuit held, before *Johnson*, that a later-enacted, but similar version of section 16-23-440 constituted a crime of violence under U.S.S.G. § 4B1.2(a), a provision with many similarities to § 924(e)(2)(B). *See United States v. Ross*, 416 F. App'x 289, 291 (4th Cir. 2011) (per curiam). However, the Fourth Circuit based its decision on § 4B1.2(a)'s

5

residual clause, which is identical to the language voided in *Johnson*, and on interpretive comments to § 4B1.2(a) that § 924(e)(2)(B) does not have. *See id.* Thus, *Ross* is of no import.

Lastly, it is plain that unlawful discharge of a firearm is not categorically burglary, arson, or extortion, and does not involve use of explosives. And while *Ross* suggests that the crime would fit within the ACCA's residual clause, *Johnson* forbids such a conclusion. Thus, the Court concludes Roberts' conviction for that crime cannot lawfully constitute an ACCA predicate violent felony.

### C.   Possession with Intent to Distribute Marijuana

Finally, Roberts argues this Court should find that his conviction for possession with intent to distribute marijuana cannot count as an ACCA predicate serious drug offense. The Government responds that prisoners cannot use *Johnson* to collaterally attack the designation of a prior conviction as an ACCA serious drug offense. Both arguments are beside the point; the Fourth Circuit has already addressed precisely this question.

Under the ACCA, only those state drug offenses "for which a maximum term of imprisonment of ten years or more is prescribed by law" qualify as "serious drug offense[s]." 18 U.S.C. § 924(e)(2)(A)(ii). On direct appeal, Roberts argued his marijuana conviction did not meet that standard because South Carolina's maximum punishment for that conviction was five years. *Roberts*, 166 F. App'x at 83. The Fourth Circuit agreed with Roberts and also noted that the Government agreed, too. *Id.* The court therefore disregarded Roberts' marijuana conviction, nevertheless affirming his ACCA-enhanced sentence because of his convictions for robbery, unlawful firearm discharge, and crack distribution. *Id.*

As the Fourth Circuit has already spoken on this issue, this Court is in no position to now rule differently. Likewise, the Government, having previously conceded this issue, is in no

6

position to now argue differently. Thus, as the Fourth Circuit has ruled, Roberts' marijuana conviction does not count as an ACCA predicate serious drug offense.

### D.   Relief Under § 2255

As the above analysis indicates, Roberts' ACCA-enhanced sentence was not constitutional because it involved using the ACCA's unduly vague residual clause to deem Robert's unlawful firearm discharge conviction a predicate offense. Disregarding that conviction, Roberts does not have the required three predicate offenses to trigger the ACCA's mandatory minimum sentence. Rather, the statutory maximum for his felon-in-possession charge is ten years. *See* § 924(a)(2). Because Roberts' 212-month sentence exceeds the maximum prison term authorized by law, he is entitled to relief under § 2255(a).

### CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Government's motion to dismiss is **DENIED** and that Roberts' § 2255 motion is **GRANTED**. The Court will conduct a resentencing hearing as soon as practicable.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 2, 2017**
**Charleston, South Carolina**